UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Leda Dun Wettre, U.S.M.J. |
| v. | : | Mag. No. 22-13057 |
| JOHN STRUBLE | : | **CRIMINAL COMPLAINT** |

I, Jill Lasseter, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached page and made a part hereof.

Special Agent Lasseter attested to this Complaint by telephone pursuant to F.R.C.P. 4.1(b)(2)(A).

_____
Jill Lasseter, Special Agent
Homeland Security Investigations

March 28, 2022                         at        Essex County, New Jersey
Date                                                      County and State

Honorable Leda Dunn Wettre
United States Magistrate Judge            _Leda Dunn Wettre_
Name and Title of Judicial Officer             Signature of Judicial Officer

## ATTACHMENT A

## COUNT ONE
## (Possession of Child Pornography)

On or about December 5, 2020, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

### JOHN STRUBLE,

did knowingly possess material that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which images had been mailed, shipped, and transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2.

## **ATTACHMENT B**

  I, Jill Lasseter, am a Special Agent with the United States Department of Homeland Security – Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my discussions with other law enforcement officers, and my review of reports, documents, and other items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this Affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

  1. At all times relevant to this Complaint, defendant JOHN STRUBLE ("STRUBLE") was a resident of Fair Lawn, New Jersey.

  2. In or around September 2021, the U.S. Environmental Protection Agency (the "Agency") notified the Department of Homeland Security – Homeland Security Investigations ("HSI") in Newark, New Jersey that it discovered a significant amount of child pornography on an Agency-owned computer (the "Computer"), issued to and used by STRUBLE, then an Agency employee.

  3. During its investigation, HSI learned that, in or around December 2020, STRUBLE had navigated to websites containing sexual content and viewed child pornography using the Computer.

  4. Law enforcement conducted a lawful search of the Computer. During the search, law enforcement located a cache folder containing images of child pornography on the Computer.[1] Law enforcement further determined that STRUBLE had accessed the videos and images constituting child pornography using a web browser ("Application A") that was not authorized by the Agency for installation on the Computer.

  5. Approximately 100 images constituting child pornography were located in the cache folder on the Computer. Descriptions of three of those items are as follows:

> a. **Image file '0709B76C43A860CBD7386B91C6E71BDC4BF9E918'** shows a naked prepubescent boy between approximately 3 and 5 years old. The naked boy is seen from behind and is straddling a naked adult

---

[1] A cache folder is a location on a storage device containing an operating system where downloaded data can be temporarily stored in order to speed up retrieval time.

male. The naked adult male's erect penis is seen penetrating the boy anally and ejaculation is visible on the adult male's penis.

    b. **Image file '1D3DF8A4E5D006ED20F06F25CB140F60D393D0C9'** shows a prepubescent girl between approximately 8 and 10 years old who is naked from the waist down. The naked girl's vagina is visible, and her right hand is seen touching the top of her vagina.

    c. **Image file '45FE0CF363F6F015586F5D846D6FD35980D0D61D'** shows a naked prepubescent girl between approximately 1 and 3 years old. This is an overhead image in which a naked adult male is partially visible, standing on what appears to be sand. The naked adult male is holding the naked prepubescent girl by her feet, which are spread apart, and the top portion of her back and head appear to be on the sand so that she is facing upward toward the naked adult male. The naked adult male's erect penis is visible touching the naked girl's anus. The naked prepubescent girl's vagina is also visible. There is a second prepubescent girl partially visible to the left side of the naked prepubescent girl. This prepubescent girl has a purple pacifier in her mouth and appears to be resting on her hands and knees looking up at the naked adult male.

    6.    During the investigation, law enforcement learned that the Agency issued a Personal Identification Verification ("PIV") card to STRUBLE; the PIV card is an identification card used for verifying the user's identity and establishing a secure connection with the Computer; and STRUBLE accessed the Computer using the PIV card during the time period relevant to this Complaint.

    7.    The investigation further revealed that STRUBLE resided at a residence in Fair Lawn, New Jersey and accessed the Computer from Fair Lawn, New Jersey during the time period relevant to this Complaint.

    8.    Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the images described above were transported and transmitted in interstate commerce because they were transmitted to STRUBLE through Application A, a web-based platform whose servers are located outside the District of New Jersey.